# PLEDGE.

### ADAMS *against* CLARK.   *Rutland, 1820.*

A requests B to endorse for him, to the bank of T, for $2000, and in order to secure B, procures C to sign a note with him, payable to B, for the sum of $2000, and delivers the note to B.   Afterwards, A wishes B to endorse again, for him, to the bank of T, for $2000.   B endorses, and A pledges the same note, as security, for the second endorsement :   On C's being enquired of, by B, whether A had a right thus to pledge the note, he replied, that he was liable, on the *note*, to B, and that A might thus pledge it.   Afterwards, A procures B to endorse, for him, a blank note, which A fills up, to the Farmer's Bank, for $2000, and pays the note to the bank of T, the said note signed by A and C, still remaining in the hands of B ; B is compelled to pay the last note to the Farmer's Bank.

Held—That the note, signed by A and C, in the hands of B, was a continued guarantee to the amount of the same, and remained as security generally, for any sum A might procure of B, or by means of B's name, as surety, to the amount of $2000.

THIS was an action on a note.

*Plea*—Non assumpsit.

On the trial, at September term, 1819, the evidence was : Stephen D. Clark, on the 16th day of November, 1816, wished to obtain money, at the banks of Troy, and procured plaintiff to endorse for him, for the sum of two thousand dollars, and to secure the plaintiff, procured Elijah Clark, the other defendant, to execute the note, on which this action is brought, and left it with the plaintiff ; that on or about the 16th day of

January, 1817, the said Stephen wished the plaintiff to endorse again, for him, at the bank of Troy, for two thousand dollars, which plaintiff did, and the first note was taken up ; on being enquired of, by plaintiff, what security he would give, he said, "you have my brother's note, as your security," and that he should probably want other renewals, and the note of his brother should remain as security ; that Elijah, on being enquired of, before the second note given at the bank of Troy, became payable, whether Stephen had a right to pledge the note, for the second accommodation, then obtained at the bank of Troy, replied that he was liable on the *note*, to the plaintiff, and that Stephen might thus pledge it ; that afterwards, and before the second note became payable, and a few days before March 17, 1817, Stephen again requested the plaintiff to endorse for him, plaintiff signed a blank note, and Stephen filled it up with a note, payable at the Farmer's Bank, for the same sum of two thousand dollars, dated March 17, 1817, which was discounted at the time the second note became payable, at the Troy bank, and that note was taken up. Plaintiff has been compelled to pay the note given to the Farmer's Bank.

The Judge charged the Jury—That, as the note on which the plaintiff has brought his action, was executed and delivered to him, by Elijah Clark, to indemnify the plaintiff against his endorsing a note for Stephen D. Clark, to the bank of Troy, for $2000, on which said Stephen D. Clark obtained that sum ; that when Stephen D. Clark paid and took up the note, so endorsed, by plaintiff, to the bank, the note in question, so lodged as security, became inoperative, and would not extend, as security, to a subsequent endorsement, of another note, for Stephen D. Clark, on which plaintiff had been damnified, unless Elijah Clark had given new effect to the note, so lodged with plaintiff, by agreeing or consenting that the same should continue as a security or indemnity to the plaintiff, against such subsequent endorsement.

Verdict for defendant, and motion for new trial, founded on exceptions to the charge of the Judge.

In support of the motion, for the plaintiff, it was contended ; That the note, on which the action was brought, was a guarantee, not only for the first endorsement, but for the subsequent endorsements of other notes, which operated as a payment, or procured the means of payment, upon the responsibility of the plaintiff, in nature of a continued guarantee. Maule et al. v. Wells, 2 Campbell 413. Mason v. Pritchard, Do. 436. 12 East. 227.

*Contra.* For defendants : That the note, in question, was delivered, for the sole purpose of indemnifying the plaintiff, against the indorsement which the plaintiff made for Stephen D. Clark. The rights of the plaintiff, and the liability of the defendants, were precisely the same as they would have been, had the defendants, without any note, entered into a contract to indemnify the plaintiff against said endorsement. The payment of the note, thus endorsed, would, in either case, discharge the defendants from any liability to the plaintiff, on the note, or on the contract ; and, in this case, the defendants could no more be holden on this note, in consequence of a further endorsement, by the plaintiff, for said Stephen D. without the assent of Elijah Clark, than they would in case of such contract as aforesaid, without a renewal of the same, or in other words, without a new contract, in relation to such farther endorsement.

Opinion of the Court. The Court consider, from the evidence, in this case, taken together, especially from the fact that Stephen D. Clark was permitted, by Elijah Clark, to have the possession and control of the note, in the first instance, and the fact that, after the second endorsement, by plaintiff, and pledge of the note, by Stephen D. Clark, Elijah Clark admitted to the plaintiff his liability on the *note generally,* and the right of Stephen D. Clark to pledge the note, as he had done ; that the note, in the hands of the plaintiff, was a *continued guarantee,* to the amount of the note, and remained as security generally, for any sums Stephen D. Clark might procure of the

plaintiff, or by means of plaintiff's name, as surety, to the amount of two thousand dollars ; and that, for this purpose, it was not necessary that Elijah Clark should give any new effect to the note, by expressing his agreement or consent, but that, in order to prevent such continuing effect, of the deposit of the note, with the plaintiff, *as aforesaid,* Elijah Clark must have expressed his dissent, and refused to permit the note to continue, as a security, or indemnity to the plaintiff, against any farther endorsement.

New trial granted—Judge Doolittle dissenting.

*Langdon, Williams, Mallary,* and *Lathrop,* for plaintiff.

*Kellog, Smith,* and *Chipman,* for defendants.